IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS A. GRIFFIN | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 09-59Erie |
| | ) | |
| v. | ) | |
| | ) | |
| RANDALL BRITTON, <u>et al.</u>, | ) | Chief Magistrate Judge Baxter |
| | ) | |
| Respondents. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Pursuant to 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner is serving a sentence imposed by the Court of Common Pleas of Venango County, Pennsylvania. On or about April 3, 2009, he filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking his conviction. Petitioner raises three grounds for habeas relief:

> "1)    Inordinate delay in the State procedures[1] in violation of the Fourteenth Amendment of the United States Constitution.
>
> 2)    Ineffective assistance of trial and post trial counsel in violation of the Sixth Amendment of the United States Constitution.
>
> 3)    Denial of a State constitutional right to direct appeal, which infringes upon

---

[1] Petitioner claims that his PCRA petition has been pending in the Court of Common Pleas of Venango County for over five years.

1

the Defendant's right to due process in violation of the Fourteenth

Amendment of the United States Constitution."

Document # 1. Respondent indicates that Petitioner will be "maxing out his sentence within the next couple of weeks." Document # 10, page 2.

Petitioner has filed a previous petition for writ of habeas corpus in this Court at Civil Action Number 06-234Johnstown.[2] Because this petition is not the first one Petitioner has filed in federal court, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision AEDPA. In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

Petitioner has neither sought nor received from the Third Circuit permission to file a successive petition. Therefore, the instant habeas petition should be dismissed because this Court lacks jurisdiction over it. Burton, 549 U.S. at 152-54. Without jurisdiction, this Court cannot examine the merits of Petitioner's claims.

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a

---

[2] In that petition filed in November of 2006, Petitioner complained that the Venango County Court of Common Pleas had failed to act on his PCRA petition for over thirty-five months. The District Court denied the request for habeas relief noting that the unexplained delay by the state court, while inordinate, did not constitute an independent claim justifying federal habeas relief, but instead could only serve as an excuse for the failure to exhaust.

2

substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: May 22, 2009